UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN CLAY JACKSON, | No. 05-56645 |
| Petitioner - Appellant, | D.C. No. CV-02-00867-DT |
| v. | Central District of California, Riverside |
| DERRAL ADAMS, Warden California Substance Abuse Treatment Facility State Prison Corcoran; et al., | ORDER |
| Respondents - Appellees. | |

Before:     GRABER, GOULD, and BEA, Circuit Judges.

The memorandum disposition filed on April 17, 2009, is withdrawn.  A replacement memorandum disposition will be filed concurrently with this order.

The pending petition for rehearing is granted and no further petitions for review will be entertained.

FILED

NOT FOR PUBLICATION

DEC 29 2009

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVEN CLAY JACKSON,

Petitioner - Appellant,

v.

DERRAL ADAMS, Warden California
Substance Abuse Treatment Facility State
Prison Corcoran; et al.,

Respondents - Appellees.

No. 05-56645

D.C. No. CV-02-00867-DT

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dickran M. Tevrizian, District Judge, Presiding

Submitted April 13, 2009[**]

Before: GRABER, GOULD, and BEA, Circuit Judges.

California state prisoner Steven Clay Jackson appeals from the district

court's judgment dismissing his 28 U.S.C. § 2254 habeas petition. Petitioner's

October 5, 2008, notice of appeal is timely under the district court's order granting

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

leave to file out of time. Fed. R. App. P. 4(a)(6). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Jackson argues that his confrontation clause objection is not procedurally defaulted under California law. We need not decide the procedural default issue because this claim fails on the merits. On de novo review, we hold that the trial court did not err in ruling that Jackson had an opportunity and the proper incentive to cross-examine his accusers in the preliminary hearing where the testimony of these witnesses and the investigating detective were heard before they became unavailable. *See California v. Green,* 399 U.S. 149, 151 (1970). Even if there were a confrontation clause violation, the error was harmless in light of Jackson's confessions and the other evidence of his guilt. *See Forn v. Hornung*, 343 F.3d 990, 999 (9th Cir. 2003).

**AFFIRMED.**